UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Aria Lynn Westfall, | ) | Case No.: 6:21-bk-01013-LVV |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) OTHER RELIEF, AND (III) REQUEST FOR EXPEDITED HEARING**

Richard B. Webber II, Chapter 7 Trustee (the "Trustee") duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4. On March 9, 2021, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Richard B. Webber II is the duly appointed and qualified Chapter 7 Trustee.

6. The Trustee held and concluded the 341 meeting of creditors on April 15, 2021.

7. The Debtor scheduled a 100% ownership interest in the real property located at 11606 Grace Lane, Clermont, FL 34711 Parcel ID 01-23-25-0910-000-01000 (the "Property") and legally described as follows:

Lot 10, Triangle Grove – First Addition, according to the Map or Plat thereof, as Recorded in Plat Book 29, Page(s) 39, of the Public Records of Lake County, Florida.

8.      The Debtor scheduled the Property as having a value of $469,490.00 subject to a mortgage in favor of Regions Mortgage (the "Secured Creditor") in the amount owed on the Petition Date of approximately $386,027.00.

9.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

   a. sell the Property to a third party Trustee determines to have made the best qualified offer; and

   b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale).

10.     The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the official Records of Lake County (the "Secured Creditor Indebtedness").

RELIEF REQUESTED

11.     The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.
[11000-1421/9256714/1]

will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

BASIS FOR RELIEF

A.     The Sale of the Property Should Be Approved

12.     The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.     Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).   Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.     The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that will pay the Secured Creditor in full if Closing takes place by September 8, 2021 and will result in the Bankruptcy Estate receiving $13,950.00.  Attached as Exhibit "A" is the Payoff Letter from the Secured Creditor and Exhibit "B" is the proposed Settlement Statement which are incorporated by reference herein.

15.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.     The Sale of the Property Should Be Approved Free and Clear of All Interests

16.     Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy

law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(3) of the Bankruptcy Code because the Secured Creditor will be paid in full.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.
[11000-1421/9256714/1]

C.      The Sale Will Be Undertaken by the Buyer in Good Faith

20.      Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

21.      The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

22.      The Trustee asserts that the sale of the Property utilized a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

23.      The Trustee further states that:

         (a)      the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Sale of the Property;

         (b)      the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)      Given the information available at this time, the Trustee has made an educated evaluation

and determined that the proposed Sale is in the best interest of the estate and its creditors.

24.      The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule

6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale

immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all

documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and

exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and

the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the

proposed sale.

CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the Sale of the

Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this

Court deems just and equitable under the circumstances of the case.


Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my

knowledge information and belief.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-
class United States Mail, postage prepaid, or via electronic file transfer this August 20, 2021 to: Aria Lynn
Westfall, 11606 Grace Lane, Clermont, FL 34711; Sean A Espenship, Espenship Schlax & Albee Llc, 200 East
Forsyth Street, Jacksonville, FL 32202; all creditors listed on the attached matrix; and the United States Trustee,
400 W. Washington St., Suite 1100, Orlando, FL 32801.

/s/ Richard B. Webber II
Richard B. Webber II, Trustee
PO Box 3000
Orlando, FL 32802
Phone: (407) 425-7010

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:21-bk-01013-LVV<br>Middle District of Florida<br>Orlando<br>Fri Aug 20 12:11:07 EDT 2021 | Aria Lynn Westfall<br>11606 Grace Lane<br>Clermont, FL 34711-9340 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 |
| Jacksonville Electric Authority<br>21 W. Church Street<br>Jacksonville, FL 32202-3152 | Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Teresa M Hair +<br>Brock and Scott, PLLC<br>2001 Northwest 64th Street, Suite 130<br>Fort Lauderdale, FL 33309-1855 | Richard B Webber +<br>Post Office Box 3000<br>Orlando, FL 32802-3000 |
| Sean A Espenship +<br>Espenship Schlax & Albee LLC<br>200 East Forsyth Street<br>Jacksonville, FL 32202-3320 | Patrick Allen Hruby +<br>Brock & Scott, PLLC<br>2001 Northwest 64th Street, Suite 130<br>Fort Lauderdale, FL 33309-1855 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Navy Federal Credit Union<br>P.O.BOX 3000<br>MERRIFIELD, VA 22119-3000 | End of Label Matrix<br>Mailable recipients    11<br>Bypassed recipients     1<br>Total                   12 |

Regions Bank
PO Box 18001
Hattiesburg, MS 39404-8001

Customer Service: 1-800-986-2462
Speech and
Hearing Impaired: 1-877-344-9716

**EXHIBIT "A"**

# REGIONS

Aria L Westfall
96034 Out Creek Way
Yulee FL 32097-6589

                    RE: 11606 Grace Ln
                        Clermont FL 34711
                        Aria L Westfall

Statement Date August 10, 2021                    Loan Number       1173

Bankruptcy Notice: Please be advised that this notice is for informational
purposes only and is not an attempt to collect or recover debt. However, we
reserve all rights and remedies under the security instrument subject to any
applicable bankruptcy or other law.

Pursuant to your request, payoff of the outstanding amount of the loan as of
August 24, 2021 totals $ 425,529.09 as detailed below. Payment of
this amount and release of the lien may be subject to approval by the
bankruptcy court.

| | | |
|---|---|---:|
| The current total unpaid Principal Balance is: | $ | 385,749.84 |
| Interest at 4.62500% | | 26,398.80 |
| Escrow Deficiency | | 12,660.59 |
| PMI Due | | 521.86 |
| Servicer Advances* | | 188.00 |
| Total Amount Due for Lien Release: | | 425,519.09 |
| Lien Release Cost | | 10.00 |
| ***TOTAL AMOUNT DUE*** | $ | 425,529.09 |

* This amount may include allowable attorney fees and costs, property
  preservation expenses, inspection fees, and/or other expenses authorized
  by your loan documents, subject to applicable bankruptcy law.

XP801/028/AYC

                                                          Page  2

**Exclusive address for Information Requests and Error Resolution: PO Box 110, Hattiesburg, MS 39403-0110**
"Regions Bank may be a debt collector under applicable law. This communication may be deemed an attempt to collect a debt, and any information obtained could be
used for that purpose. If you are a successor in interest, this notice does not make you liable for the mortgage debt, and you will only be liable for the mortgage debt if you
assume the mortgage loan obligation under State law." • Once enrolled, loan information is available 24 hours a day, 7 days a week at regionsmortgage.com
"Regions is an Equal Housing Lender."

**Regions Bank**
PO Box 18001
Hattiesburg, MS 39404-8001

Customer Service: 1-800-986-2462
Speech and
Hearing Impaired: 1-877-344-9716



Loan Number        1173

Mail Funds to:                        or
Regions Bank
Attention Cashiering Department
7130 Goodlett Farms Parkway A4W
Cordova TN  38016

If this payoff statement was requested by an authorized agent on behalf of
the borrower, please provide a copy of this statement to the borrower(s)
listed on page 1 prior to closing.

Issuance of this statement does not suspend the contract requirement to make
the loan payments when due, subject to applicable bankruptcy law. Because
interest, principal, late charges, other charges or advances, and credits
may vary from day to day, this payoff amount may change over time to the
extent allowed by applicable bankruptcy law. If the total amount due is not
received by August 24, 2021, additional interest may be added at the rate
of $ 48.88 interest per day (per diem). If applicable, we may continue
to pay property tax or insurance premiums. If you have questions about
pending disbursements, please call us. To ensure you have an accurate payoff
quote, you may order another payoff statement the day of closing, or one
business day before the actual payoff, without charge for processing.

Payments we receive that are not in the form of a valid check, money order,
or wire for the correct amount are subject to delays or return. If we
receive funds for less than the Total Amount Due for Lien Release, the funds
may be returned, and the lien may not be released. If the funds are not
returned, to the extent allowed by the bankruptcy court and/or applicable
bankruptcy law, they will be applied to the loan in accordance with your
loan documents, and any remaining balance will still be due.

Prior to your closing date:
*  Please be aware of any automatic loan payments that may be pending after
   the payoff statement was issued. You should contact your provider to
   determine cancellation requirements. We will refund any funds we receive
   after the loan has been paid in full.
*  Please notify us of any change in your mailing address. We will send any
   payoff refunds, your year-end IRS 1098 statement, and any other loan
   documents to the address of record.
*  We will make no further disbursements from this loan for property tax or
   insurance premiums once the total amount due to release the lien has been
   received.

If you need further assistance, please visit our website at
regionsmortgage.com, call us at 1-800-986-2462, stop by any Regions branch,
or write us at PO Box 18001, Hattiesburg, MS 39404-8001. As always, we
appreciate the opportunity to serve you.

XP801/028/AYC

**Exclusive address for Information Requests and Error Resolution: PO Box 110, Hattiesburg, MS 39403-0110**

"Regions Bank may be a debt collector under applicable law. This communication may be deemed an attempt to collect a debt, and any information obtained could be
used for that purpose. If you are a successor in interest, this notice does not make you liable for the mortgage debt, and you will only be liable for the mortgage debt if you
assume the mortgage loan obligation under State law." • Once enrolled, loan information is available 24 hours a day, 7 days a week at regionsmortgage.com
"Regions is an Equal Housing Lender."

Confidential

**EXHIBIT "B"**

# Settlement Statement

| B. Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1.☐ FHA    2.☐ FmHA    3.☒ Conv. Unins.<br>4.☐ VA    5.☐ Conv.Ins    6.☐ None (Cash). | | | 6. File Number:<br>KW-8028 | 7. Loan Number: | 8. Mortgage Insurance Case Number: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts Paid to and by the settlement agent are shown here. Item marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Buyer:<br>Stephanie Bennett<br><br><br><br>126-37 Inwood Street<br>Jamaica, New York  11436 | E. Name and Address of Seller:<br>Richard Webber as Trustee for the BK Estate of Aria Westfall<br><br><br>, | F. Name and Address of Lender:<br>NextMortgage<br><br><br>, |
|---|---|---|

| G. Property Location:<br>11606 Grace Lane<br>Clermont, FL 34711<br><br><br>PARCEL ID: 0123250910-000-01000 | H. Settlement Agent:<br>Innovative Title Services, LLC<br><br>Place of Settlement:<br>217 N. Westmonte Dr, Suite 1004<br>Altamonte Springs, Florida  32714 | I. Settlement Date:<br>October 08, 2021<br>Disbursement Date:<br>October 08, 2021 |
|---|---|---|

| J. SUMMARY OF BUYER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BUYER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 465,000.00 | 401. Contract sales price | 465,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to BUYER (line 1400) | 18,100.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes            to | | 406. City/town taxes            to | |
| 107. County taxes            to | | 407. County taxes            to | |
| 108. Assessments            to | | 408. Assessments            to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BUYER** | 483,100.00 | **420. GROSS AMOUNT DUE TO SELLER** | 465,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BUYER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 4,370.00 | 501. Excess deposit (see instruction) | |
| 202. Principal amount of new loan(s) | 400,000.00 | 502. Settlement charges to seller (line 1400) | 35,325.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| | | Regions Bank | 426,789.62 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes            to | | 510. City/town taxes            to | |
| 211. County taxes    01/01/2021  to  10/08/2021 | 2,885.38 | 511. County taxes    01/01/2021  to  10/08/2021 | 2,885.38 |
| 212. Assessments | | 512. Assessments            to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BUYER** | 407,255.38 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 465,000.00 |
| **300. CASH AT SETTLEMENT FROM/TO BUYER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amount due from buyer (line 120) | 483,100.00 | 601.Gross amount due to seller (line 420) | 465,000.00 |
| 302. Less amount paid by/for buyer (line 220) | 407,255.38 | 602. Less reduction amount due seller (line 520) | 465,000.00 |
| **303. CASH     DUE FROM     BUYER** | 75,844.62 | **603. CASH     DUE TO     SELLER** | |

MARK - 08/16/2021 4:10:46 PM

KW-8028

**SETTLEMENT STATEMENT**    **PAGE 2**

| L.   SETTLEMENT CHARGES: | | | PAID FROM BUYER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700.  **TOTAL SALES/BROKER'S COMMISSION based on price** $ 465,000.00 | | @ 6.00 % = 27,900.00 | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. Listing Agent | $  18,600.00 to | Keller Williams Winter Park | | |
| 702. Selling Agent | $  9,300.00 to | Better Homes and Garden Fine Living | | |
| 703. Commission paid at Settlement | | | | 27,900.00 |
| 704. | | | | |
| 800. **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | |
| 801. Loan Origination Fee | % of  400,000.00 to | | | |
| 802. Loan Discount | % of  400,000.00 to | | | |
| 803. Appraisal Fee | to | | | |
| 804. Credit Report | to | | | |
| 805. | to | | | |
| 806. | to | | | |
| 807. | to | | | |
| 808. | to | | | |
| 809. | to | | | |
| 810. | to | | | |
| 811. | to | | | |
| 812. | to | | | |
| 813. | to | | | |
| 900. **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest from   October 08, 2021 to | Days @ $ /day | | | |
| 902. Mortgage Insurance Premium for | to | | | |
| 903. Hazard Insurance Premium for | to | | | |
| 904. | to | | | |
| 905. | to | | | |
| 1000. **RESERVES DEPOSITED WITH LENDER** | | | | |
| 1001. Hazard insurance | mo.@ $ /mo. | | | |
| 1002. Mortgage insurance | mo.@ $ /mo. | | | |
| 1003. City property taxes | mo.@ $ /mo. | | | |
| 1004. County property taxes | mo.@ $ /mo. | | | |
| 1005. Annual assessments | mo.@ $ /mo. | | | |
| 1006. | mo.@ $ /mo. | | | |
| 1007. | mo.@ $ /mo. | | | |
| 1008. | to | | | |
| 1100. **TITLE CHARGES** | | | | |
| 1101. Settlement or closing fee | 1,595.00 to | Innovative Title Services, LLC | 595.00 | 1,000.00 |
| 1102. | to | | | |
| 1103. Owner's title insurance | 2,400.00 to | Innovative Title Services, LLC | | 2,400.00 |
| 1104. Lender's title insurance | 350.00 to | Innovative Title Services, LLC | 350.00 | |
| 1105. | to | | | |
| 1106. | to | | | |
| 1107. Title Search | 85.00 to | Old Republic | | 85.00 |
| (includes above items No: | ) | | | |
| 1108. | to | | | |
| (includes above items No: | ) | | | |
| 1109. Lender's coverage | 400,000.00 @ 661.00 Includes: ALTA8_1, FF9 | | | |
| 1110. Owner's coverage | 465,000.00 @ 2,400.00 | | | |
| 1111. | to | | | |
| 1112. ALTA8_1, FF9 | to | Innovative Title Services, LLC | 311.00 | |
| 1113. | to | | | |
| 1200. **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording fees: | Deed $  18.50  ; Mortgage $  171.50  ; Release $ | | 190.00 | |
| 1202. City/County tax/stamps: | Deed $  3,255.00  ; Mortgage $  1,400.00 | | 1,400.00 | 3,255.00 |
| 1203. State tax/stamps: | Deed $  ; Mortgage $ | | | |
| 1204. Intangible tax | 800.00 to | Lake County Clerk of Court | 800.00 | |
| 1205. Motion to Sell Order | 100.00 to | Lake County Clerk of Court | | 100.00 |
| 1300. **ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. eRecording Fee | 9.00 to | Lake County Clerk of Court | 9.00 | |
| 1302. Survey | 300.00 to | Ireland Surveying, Inc. | 300.00 | |
| 1303. Municipal Lien Search | 190.00 to | TFG Property Reports | | 190.00 |
| 1304. Transaction Fee | 195.00 to | Better Homes and Garden Fine Living | 195.00 | |
| 1305. Closing Coordination | 395.00 to | Ocean Title, LLC | | 395.00 |
| 1306. | to | | | |
| 1307. Buyer Premium | 13,950.00 to | Richard B. Webber, II, as Trustee for the BK estate | 13,950.00 | |
| 1308. | to | | | |
| 1400. **TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K)** | | | 18,100.00 | 35,325.00 |

CERTIFICATION  I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction.  I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____          _____
Stephanie Bennett                                                           Richard Webber as Trustee for the BK Estate of Aria Westfall

_____          _____
**Buyers**                                                                                                                    **Sellers**
**The Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.**

                                                                                            October 08, 2021
_____          _____
**Settlement Agent**                                                                                   **Date**